UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAHVED MALIK LILLACALENIA                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:24-cv-121-RGJ

CITY OF LOUISVILLE                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Dhaved Malik Lillacalenia filed the instant *pro se* action.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the action will be dismissed.

**I.**

Plaintiff filed the complaint on a civil complaint form.  [DE 1].  He sues as a Defendant the "City of Louisville, Civil Court Division Ten," and later in the complaint lists Judge Patricia Morris as a Defendant as well.  [*Id.* at 1–2].  Plaintiff asserts violations of the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 and violations of 18 U.S.C. § 242.  [*Id.* at 4].  In the "Statement of the Claim" section of the complaint form, Plaintiff alleges that in September of 2023 "[a] civil complaint was filed with the civil court division.  Justice Patricia Morris allowed the Defendant to reanswer after 41 days."  [*Id.* at 5].  Plaintiff further states that a summary judgment motion, a pretrial motion, and motion for trial were all denied and that currently pending is a "Motion for Case Determination."  [*Id.*].  As relief, Plaintiff "requests the acting figure(s) of the violations [forfeit their] surety/and or/ [their] judicial bond in addition with the amount of 25 thousand."  [*Id.* at 6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A.  42 U.S.C. § 1983 Claims

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1.  City of Louisville

Plaintiff has not stated a claim against the City of Louisville ("Louisville Metro Government").  Plaintiff's allegations regarding the conduct of Judge Morris or the Jefferson Circuit Court are not in any way related to the Louisville Metro Government.  The Jefferson Circuit Court is not an agency of the Louisville Metro Government, but instead an agency of the Commonwealth of Kentucky.  *See Balcar v. Jefferson Cnty. Jud. Dist.*, No. 3:17-CV-P25-CRS, 2017 WL 1190378, at *2 (W.D. Ky. Mar. 29, 2017), *aff'd sub nom. Balcar v. Jefferson Cnty. Dist.*

*Ct.*, No. 17-5402, 2017 WL 4535934 (6th Cir. Sept. 8, 2017).  Thus, Plaintiff's claims against the City of Louisville will be dismissed.

### 2. Jefferson Circuit Court, Civil Division Ten

A state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).   The Commonwealth of Kentucky has not waived its immunity, see *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); see also *Sanderson v. Healey*, No. 3:18CV-P35-CRS, 2018 WL 3232802, at *3–4 (W.D. Ky. July 2, 2018).  Thus, Plaintiff's claims against the Jefferson Circuit Court, Civil Division Ten, must dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment.  *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331 at *2 (6th Cir. Sept. 20, 1995) (claim against circuit court barred by Eleventh Amendment); *Cope v. Jeferson Cnty. Circuit Court*, No. 3:15CV-P254-TBR, 2015 WL 5437130 at *2 (W.D. Ky. Sept. 15, 2015) (dismissing claim against the Jefferson County Circuit Court Clerk's Office Bond Division because not a "person" subject to suit under § 1983 and barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*,

No. 5:13-398-DCR, 2013 WL 6706002 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

### 3. Judge Patricia Morris

In as much as Plaintiff sues Defendant Judge Patricia Morris in her official and individual capacities, Plaintiff's claims against her are subject to dismissal.

First, Defendant Judge Morris, a state official sued in her official capacity for money damages, is not a "person" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, Plaintiff fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Judge Morris in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Accordingly, the official-capacity claims against Defendant Judge Morris will be dismissed.

Second, Plaintiff's individual-capacity claims against Defendant Judge Morris will also be dismissed because she enjoys immunity for her alleged conduct in Plaintiff's state-court action. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him . . . [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11.

And while Plaintiff may take issue with Judge Morris's decisions related to his state-court proceedings, all of the allegations concern judicial actions taken in her capacity as a judge. Thus, because Plaintiff's allegations against Judge Morris relate solely to actions taken in her judicial capacity, Plaintiff's individual-capacity claims against her are subject to dismissal for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

### 4. Abstention Doctrine

In as much as Plaintiff also seeks to have this Court interfere with the decisions of the state court in the state-court proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case, and therefore, any relief sought that would interfere with Plaintiff's pending state case is barred by the *Younger* abstention doctrine.

## B.  18 U.S.C. § 242

Plaintiff also alleges violations of 18 U.S.C. § 242 which is a criminal statute that does not give rise to any private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)

("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see also*, *e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242).

To the extent Plaintiff's citation of this criminal statute might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

**C. Remaining Motions**

Because this action is being dismissed, Plaintiff's remaining motions [DE 4, DE 7] will be denied as moot.

**IV.**

Accordingly, the Court will dismiss this action by separate Order.

Date: May 1, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
A961.014

7